## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EUGENE S. BURCHETT,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV 23-085-RAW-GLJ** |
| | ) | |
| **DAVID ROGERS, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Dkt. 9).  Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma.  He is attacking his convictions in Wagoner County District Court Case No. CF-2014-190 for seven counts of Lewd or Indecent Acts to Child Under 16, one count of Performing Lewd Act in Presence of Minor, and one count of Lewd or Indecent Proposals to Child under 16.  (Dkt. 10-1).  He sets forth the following grounds for relief:

> I.   District Court of Wagoner County did not have jurisdiction to convict federally recognized Indian and the area in which crime was committed which is on the reservation.
>
> II.   I was unaware that this issue could be raised due to the misleading manner in which I did not know I could have or should have.   Please allow me to submit this prop.

(Dkt. 1 at 6-7).

Respondent argues that this Court is without jurisdiction to entertain the petition, because it is an unauthorized second and successive petition under 28 U.S.C. § 2244(b)(3)(A).  The petition also allegedly is untimely pursuant to 28 U.S.C. § 2244(d)(1).  Therefore, Respondent asserts the

Court should not transfer this matter to the Tenth Circuit Court of Appeals for authorization, but instead should dismiss the petition.

## I.      Procedural History

The record shows that on May 16, 2014, Petitioner entered guilty pleas to the nine counts set forth above. (Dkt. 10-1). He timely moved to withdraw his pleas, but the state district court denied his motion, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the district court's Judgment and Sentence on February 19, 2015, in Case No. C-2014-519. (Dkt. 10-2). Petitioner did not seek certiorari with the United States Supreme Court.

Petitioner first challenged his convictions and sentences in a July 13, 2015, application for post-conviction relief. (Dkt. 10-3). The state district court denied relief, and the OCCA affirmed on December 30, 2015, in Case No. PC-2015-893. (Dkt. 10-4).

On January 25, 2016, Petitioner filed a petition for a writ of habeas corpus in this Court's Case No. 16-030-RAW-KEW. (Dkt. 10-5 at 3). On January 29, 2019, this Court denied habeas relief and a certificate of appealability. *Id*. at 11. The Tenth Circuit dismissed Petitioner's appeal in "for lack of prosecution pursuant to 10th Cir. R. 3.3(B) and 10th Cir. R. 42.1." *Burchett v. Bear*, No. 18-6040, 2018 WL 4232021, at *1 (10th Cir. June 19, 2018) (unpublished).

While Petitioner's first habeas action was pending before this Court, He filed a document in the state district court titled "New Evidence Supplemental Post-Conviction Application and Brief-In-Support" on May 22, 2017. (Dkt. 10-6). On June 27, 2027, the state district court entered a minute order denying the request as an application for post-conviction relief. (Dkt. 10-7). The record does not indicate an appeal from the minute order. (Dkt.10-8).

Instead of appealing the denial of his second post-conviction application, on August 23,

2

2017, Petitioner filed another "supplemental" application for post-conviction relief. (Dkt. 10-9). It was in this third post-conviction application that Petitioner first raised an argument challenging the State's subject-matter jurisdiction over his crimes. *Id.* at 1 (citing *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017)). The state district court denied this petition, and the OCCA affirmed the denial on December 19, 2017, in Case No. PC-2017-965. (Dkt. 10-10).

On March 14, 2019, Petitioner filed a fourth petition for post-conviction relief, which the state district court denied by minute order on April 29, 2019. (Dkts. 10-11, 10-12). Instead of appealing the denial, Petition filed a fifth post-conviction application on August 3, 2020. (Dkt. 10-13). The state district court again denied relief, and on March 3, 2021, the OCCA affirmed in Case No. PC-2020-751. (Dkt. 10-14).

On March 18, 2021, Petitioner filed another federal petition for a writ of habeas corpus in the United States District Court for the Northern District of Oklahoma in Case No. 21-CV-118-CVE-CDL, claiming "the trial court lacked subject-matter jurisdiction over his criminal prosecution in light of *McGirt* and *Murphy*." (Dkt. 10-15 at 3). The Northern District found the petition was an unauthorized second or successive petition, and that "failure to transfer [the] matter [would] not place Burchett at risk of losing a potentially meritorious claim." (Dkt. 10-15 at 4-5). The Northern District further found that the petition "appear[ed] barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations." (Dkt. 10-15 at 5).

Petitioner filed his most recent application for post-conviction relief in the Wagoner County District Court on January 18, 2022, asking for an appeal out of time. (Dkt. 10-16 at 1). On May 16, 2022, the state district court again denied relief. *Id.* at 2. Petitioner failed to timely appeal that order, and he filed another post-conviction application on July 1, 2022, asking the district court to

3

recommend an appeal out of time. *Id.* The state district court denied the request on August 24, 2022, and the OCCA affirmed in Case No. PC-2022-886.[1] *Id.* at 2-3.

The present petition, filed on March 8, 2023, is Petitioner's third attempt at federal habeas relief. (Dkt. 1). He has not filed a response to Respondent's motion to dismiss.

## II.     Unauthorized Successive Petition

The Antiterrorism and Effective Death Penalty Act (AEDPA) precludes district court consideration of a second or successive petition absent authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(a) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). "Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive [petition]." *United States v. McKye*, 947 F.3d 1293, 1295-96 (10th Cir. 2020) (citing *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)).

This present petition clearly is successive. Both of his earlier petitions challenged his convictions and sentences in Wagoner County District Court Case No. CF-2014-190. (Dkt. 1 at 1; Dkt. 10-5 at 1; Dkt. 10-15 at 1). See 28 U.S.C. § 2244(a); *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (petition is second or successive where the petitioner "twice brought claims contesting the same custody imposed by the same judgement of a state court"). Further, there is no evidence that the Tenth Circuit has authorized proceeding with this habeas action. Therefore, the Court finds it is without jurisdiction to entertain the petition.

---

[1] The OCCA referred to these proceedings as Petitioner's fourth application for post-conviction relief. (Dkt. 16 at 2).

III.    **Statute of Limitations**

The Supreme Court made it clear in *McGirt* that state and federal procedural bars still apply to claims concerning Indian Country. *See McGirt*, 140 S. Ct. 2479 ("Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings." (footnote omitted)); *see also id.* at 2481 ("Many other legal doctrines-- procedural bars, res judicata, statutes of repose, and laches, to name a few--are designed to protect those who have reasonably labored under a mistaken understanding of the law."). One such federal limitation is the AEDPA's one-year statute of limitations.  28 U.S.C. § 2244(d).

The AEDPA offers state prisoners a one-year statute of limitations to seek a writ of habeas corpus from federal courts, running from the latest of four triggers:

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (A-D)

Petitioner does not specifically point to any provision of § 2244(d)(1) which he thinks should apply, but he nevertheless offers an explanation:  "I was unaware that this issue could be raised due

5

to the misleading manner in which I did not know I could have or should have.  Please allow me to submit this prop." (Doc. 1 at 7) (syntax in original).  It is not clear how he was misled, or by whom. Respondent suggests that Petitioner is claiming he was misled into thinking the State had jurisdiction over his criminal matter.  *See Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) ("Although Childers's pro se petition before the district court is entitled to a liberal construction, we may not rewrite a petition to include claims that were never presented.").

Petitioner fails to show that the State misled him in such a way that it constituted an "impediment" under § 2244(d)(1)(B).  That provision "typically applies when the State thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library."  *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020), *cert. denied*, __ U.S.__, 141 S. Ct. 1106 (2021).  *See also Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *3 (W.D. Okla. Sept. 15, 2021) (unpublished) (citing *Aragon*).  Petitioner does not allege such an impediment. (Doc. 1).  Petitioner fails to show any State-made impediment.

Respondent suggests that Petitioner may be arguing that *Murphy* or *McGirt* revealed new facts to him that previously were unavailable.  Petitioner, however, does not offer this Court any explanation as to when he was no longer "misled" or how that alleged misunderstanding dissipated. The Northern District of Oklahoma has aptly observed that Patrick Murphy's successes in the federal courts "show that a reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt*."   *Stiltner v. Nunn*, Case No. 21-CV-0374-GKF-CDL, 2022 WL 951997, * 5 (Mar. 29, 2022) (unpublished).  Indeed, challenges to the State's subject-matter jurisdiction like the one here rely on treaties more than a century old. *Cf. Stiltner*, 2022 WL 951997, at *6.  To the extent Petitioner attempts to argue that either *Murphy*

or *McGirt* did away with some misconception that he previously harbored about the State's subject-matter jurisdiction, the dissipation of that belief does not trigger § 2244(d)(1)(D).

Petitioner's statute of limitations runs from the conclusion of direct review. *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). Direct review does not conclude for the purposes of § 2244(d)(1)(A) until the "availability of direct appeal to state courts, and to [the Supreme] Court, has been exhausted." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (internal citations and quotations omitted). In the context of a guilty plea, a defendant's conviction becomes final ten days from the plea if a motion to withdraw plea is not timely filed. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing Rules 2.5(A) and 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App.). Here, Petitioner timely moved to withdraw his pleas, however, the district court denied the motion to withdraw, and the OCCA affirmed the Judgment and Sentence. (Dkt. 10-2 at 1, 5).

As stated above, the OCCA affirmed Petitioner's convictions and sentences on February 19, 2015. (Dkt. 10-2 at 5). He then had 90 days to seek certiorari. Sup. Ct. R. 13(1). That time expired on Wednesday, May 20, 2015, and his one-year limitations period began running the next day, May 21, 2016. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, he had until Saturday, May 21, 2016--effectively, Monday, May 23, 2016--to initiate a habeas action.[2] *See Jimenez*, 555 U.S. at 119; *Hurst*, 322 F.3d at 1260 (applying anniversary method to calculate limitations period). Petitioner filed the present habeas

---

[2] *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

petition on March 8, 2023. (Dkt. 1). Therefore, the analysis concerns whether he benefitted from any statutory tolling under 28 U.S.C. § 2244(d)(2) that would render this petition timely.

Even with tolling under 28 U.S.C. § 2244(d)(2), the petition comes years too late. Petitioner filed his first application for post-conviction relief on July 13, 2015, *i.e.*, 53 days after his AEDPA clock began to run. (Dkt. 10-3). The limitations period tolled until the OCCA affirmed the district court's denial of the first application on December 30, 2015. (Dkt. 10-4). The docket sheet does not indicate any tolling action in the 312 days that followed, meaning that his limitations period expired on Monday, November 7, 2016. (Dkt. 10-8 at 14-16). In fact, Petitioner's state-court docket sheet went without any potential tolling action until he filed his May 22, 2017, post-conviction action in the state district court. (Dkt. 10-6). This petition is untimely, and because the limitations period expired in November 2016, Petitioner's subsequent post-conviction proceedings cannot render this petition timely.

## IV.    Equitable Tolling

In addition, Petitioner cannot demonstrate he is entitled to any equitable tolling to overcome the statute of limitations. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted). "[I]gnorance of the law," however, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

Here, Petitioner has presented no argument that he is entitled to equitable tolling. Even if was unaware of the law surrounding Indian Country jurisdictional claims, such ignorance of the law is not an extraordinary circumstance. The Court finds Petitioner has not been diligent, and he consequently is not entitled to equitable tolling.

Furthermore, Petitioner has not demonstrated that he would be entitled to equitable tolling through a claim of actual innocence. A petitioner's claims of innocence must amount to a "colorable" showing of actual, factual innocence. *Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997). *See also McQuiggin v. Perkins*, 569 U.S. 383, 386-387 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). As demonstrated above, Petitioner's entire argument is that the State lacked subject-matter jurisdiction over him, which is, at most, a claim of legal innocence and not a claim of actual, factual innocence within the meaning of *Demarest*. Thus, Petitioner is not entitled to equitable tolling based upon a claim of actual innocence.

## V.     Conclusion

Because this petition is an untimely, successive habeas petition, it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Petitioner's claims.  This Court should instead exercise its discretion to deny the petition.  *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.").  *See also Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed").

## VI.    Certificate of Appealability

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 9) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS  SO ORDERED** this 28th day of December, 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

10